**HOCK HUAT YAP**, TRUSTOR, PLAINTIFF
6480 N. Mona Lisa Road
Tucson, Arizona 85741
t: (602) 492-6816
email: donaldyap3@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HOCK HUAT YAP, Trustor<br><br>Plaintiff,<br><br>vs.<br><br>Deutsche Bank National Trust Company, as Alleged "Trustee" for J.P. Morgan Acquisition Trust 2001-HE1, Asset Backed Pass-Through Certificates, Series 2007-HE1; Specialized Loan Servicing LLC, Attorney in fact for Deutsche; The Mortgage Law Firm PC, Christina Harper, Esq., Successor Trustee, and "Agent" for Deutsche and Specialized Loan Servicing LLC; JP Morgan Chase Bank NA,<br><br>Defendants,<br><br>DOES 1-1000,<br>XYZ CORPORATIONS 1-15,<br>ABC LIMITED LIABILITY,<br>COMPANIES 1-15,<br>123 BANKING ASSOCIATIONS 1-15,<br><br>Defendants. | No. 4:17 – CV – 00229 – RM<br><br>**MOTION TO STRIKE TMLF DEFENDANTS REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**MOTION TO STRIKE DEFENDANTS REPLY IN SUPPORT OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE AND SPECIALIZED LOAN SERVICING, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Honorable Judge Rosemary Marquez |

Hock Huat Yap, Plaintiff ("Plaintiff") Motions to Strike TMLF Defendants and Defendants' Deutsche Bank National Trust Company, as Alleged Trustee and Specialized Loan Servicing LLC ("SLS") Motion to Dismiss Plaintiff's 2nd Amended Complaint as:

1. Defendants' Replies In Support Of Motion to Dismiss are arguing merits of *their* case, and introducing statements of *alleged* fact NOT in evidence, without making any statements to support their allegations that there is insufficient claim in the Plaintiff's Complaint to merit relief or to merit trial.

2. Defendants Replies In Support Of Motion to Dismiss should, under Pleading Standards be stricken from record as immaterial, and, prejudicial to the Plaintiff's Cause of Action.

3. Defendant's Replies in Support Of Motion to Dismiss are **moot**, pursuant to this Court's standing General Order 17-08 on 5/22/2017, and, 9/25/2017 Order Setting Rule 16 Scheduling Conference & Requiring Defendants To File Answer.

4. The Defendants insisting on the validity of Deutsche's claim does NOT make it so. In a Motion to Dismiss, only Plaintiffs claim made in 2nd Amended complaint apply. NO new evidence can be considered and all claims in 2nd Amended complaint must be assumed as true. Defendants' Statements assuming Deutsche's Beneficial Interest in Plaintiff's Deed of Trust, does NOT make it so. NO new evidence should be found in any Motion to Dismiss, or, in any replies, or, in any memorandums supporting their Motion To Dismiss the Plaintiff's 2nd Amended Complaint's or in their replies to the Plaintiff's Objections to their Motion To Dismiss. Furthermore, introduction of baseless legal theories beyond the scope of their Motion To Dismiss, "in support of" only raises more questions about the validity of Deutsche's claim, while serving to underscore the Defendants ongoing attempts to avoid, to deflect, to distract, to misdirect this Court's General Order 17-08 into Mandatory Initial Discovery Project (MIDP) of 5/22/2017.

5. MIDP only provides the Plaintiff and this Court due process and sufficient information to determine the facts of Plaintiff's narrowly focused Motion to this United States District Court For The District of Arizona (USDC) to address the issues of Defendants' Dodd Frank violations of U.S.C. 12 § 2605(k)(1)(D), affirming & upholding the Plaintiff's right to know "the identity" of the "owner or assignee of the loan" that require Defendants to prove Deutsche's authority and standing to enforce a contract; Assignment and transfer of Beneficial Interest to Deutsche, and, Defendants' compliance with Dodd Frank in The Plaintiff's lawful requests for the Defendants' Chain of Title.

6. In the case at bar, Defendants have failed to show the Plaintiff the actual owner of the note, who actually has financial interest in the note, and, the Deed Of Trust, and, the Chain Of Title as to how they acquired such.

7. As such, Defendants should NOT be awarded attorneys' fees or costs for Defendants'

False Claims and Violations of ARS § 33-420.

**WHEREFORE**, Plaintiff respectfully Motions this Court to Strike both TMLF Defendants and Defendants Deutsche Bank National Trust Company and Specialized Loan Servicing, LLC's Replies In Support Of Motion to Dismiss in their entirety, with prejudice, as:

1. Defendants Replies In Support Of Motion to Dismiss are arguing merits of *their* case.
2. Defendants Replies In Support Of Motion to Dismiss should, under Pleading Standards be stricken from record as immaterial, and, prejudicial to Plaintiff's Cause of Action.
3. Defendant's Replies in Support Of Motion to Dismiss are **moot**, pursuant to this Court's standing General Order 17-0808 on 5/22/2017, and, 9/25/2017 Order Setting Rule 16 Scheduling Conference & Requiring Defendants To File Answer.

DATED this 29th. day of September, 2017     Respectfully Submitted,

*[signature]*

HOCK HUAT YAP,
*Trustor, Plaintiff*