**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hock Huat Yap, | No. CV-17-00229-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Deutsche Bank National Trust Company, et al., | |
| Defendants. | |

Pending before the Court are the Parties' Cross Motions for Summary Judgment[1] (Doc. 44, 51). On August 7, 2018, Plaintiff filed a Motion Requesting a Decision on his Motion for Summary Judgment (Doc. 55).[2] Defendants filed a Motion to Strike (Doc. 56). The Court will deny Plaintiff's Motion for Summary Judgment (Doc. 51), grant Defendants' Motion for Summary Judgment (Doc. 44), and grant Defendants' Motion to Strike (Doc. 56).

**I.  Background**

Plaintiff's Second Amended Complaint ("SAC") (Doc. 8), filed pro se, alleges that one or more of the Defendants claim to possess an interest in a Note executed by Plaintiff on January 5, 2007, naming Option One Mortgage as beneficiary. (Doc. 8 at 2-3.) Plaintiff received notice of Arizona Trustee's Sale No. 124965 on March 6, 2017—an action brought as a means of enforcing the Note that was secured by Plaintiff's property.

---
[1] Defendants requested oral argument on their Motion for Summary Judgment. The Court does not find that oral argument would assist in resolution of their motion, and denies the request.
[2] Plaintiff filed another Request for Decision (Doc. 57) on August 16, 2018.

(*Id.* at 2.) Plaintiff claims that Defendants have not presented Plaintiff with a "Chain of Title" and therefore do not have "authority & standing to enforce a contract[.]" (*Id.* at 3.) The SAC alleged violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act, in addition to a "chain of title" claim. (Doc. 8.)

The Court granted Defendants Christina Harper and The Mortgage Law Firm, PC's Motion to Dismiss (Doc. 15), and granted in part and denied in part Defendants Deutsche Bank National Trust Company and Specialized Loan Servicing, LLC's Motion to Dismiss (Doc. 16). (Doc. 36.) Following resolution of the motions to dismiss, only the RESPA claim based on 12 U.S.C. § 2605(k)(1)(D) against Deutsche and SLS remained. (*See id.*)

**II.  Facts**

In January 2007 Plaintiff executed a $346,500.00 Note and Deed of Trust ("Deed") on a residential property located at 6480 N. Mona Lisa Road, Tucson, Arizona ("the Property"). (Doc. 45 at 9, 14.) The Deed named Option One Mortgage Corporation ("Option One") as beneficiary and First American Title Insurance Company ("First American") as trustee. (*Id.* at 14.) In 2010, Sand Canyon Corporation, formerly Option One, assigned the Deed to Deutsche Bank National Trust Company ("Deutsche") as trustee for J.P. Morgan Mortgage Acquisition Trust 2007-HE1, Asset Back Pass-Through Certificates Series 207-HE1 ("JP Morgan Trust"). (*Id.* at 22.) Plaintiff was notified on July 17, 2015 that his loan servicing was being transferred ("Servicing Transfer Letter") from JPMorgan Chase Bank, N.A. ("Chase") to Specialized Loan Servicing, LLC ("SLS"). (Doc. 45 at 24.) The Servicing Transfer Letter included SLS's contact information, including an address and customer service telephone number. (*Id.* at 25.)

Following receipt of the Servicing Transfer Letter, Plaintiff began sending Chase requests regarding ownership of his loan and contact information. (*See* Doc. 45 at 30-39.) Chase informed Plaintiff by letter on August 3, 2015 that the mortgage loan owner for the Property is Deutsche as trustee for JP Morgan Trust, and provided him with a mailing address and phone number for Deutsche. (*Id.* at 30.) By a separate letter dated August 3,

2015, Chase informed Plaintiff that, after review of his loan, Chase "maintain[s] that [Plaintiff has] undertaken a valid, binding, and legally enforceable obligation with [Chase]." (*Id.* at 34.) That letter also informs Plaintiff that the loan originated with Option One on January 5, 2007 and that servicing for the loan was transferred to Chase on May 1, 2007. (*Id.*)

In response to the August 3rd letter, Plaintiff again wrote to Chase. (Doc. 45 at 32.) In a letter dated August 12, 2015 and titled "Hock-Huat Yap, Alleged Chase Account # 0024386195" Plaintiff asserted that Chase had "neither Beneficiary Interest nor Standing to enforce any alleged obligation." (*Id.*) He additionally explained that Chase failed to provide him with requested information[3] and asserted violations of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 32-33.) Plaintiff concluded the letter by indicating that he planned to seek legal advice on how to proceed in this matter. (*Id.* at 33.) Plaintiff re-sent Chase essentially the same[4] letter in September 2015. (*Id.* at 37.) A Notice of Trustee's Sale was recorded on March 2, 2017. (Doc. 45 at 41.)

### III.  RESPA – 12 U.S.C. § 2605(k)(1)(D)

Section (k)(1)(D) of Title 12 of the United States Code—one of the Dodd-Frank additions to the Real Estate Settlement Procedures Act ("RESPA")—prohibits federally related mortgage servicers from "fail[ing] to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information

---

[3] The information Plaintiff claimed to have requested but not to have received was: (1)"any and all documents, including records that the Deed of Trust involved herein was ever placed in any and all Real Estate Mortgage Investment Conduit (REMIC) Trusts[;]" (2)"records of registration of such Trusts with the SEC;" (3)"any and all records filed with any governmental agencies including the Internal Revenue Service and the Securities and Exchange Commission[. . .] establishing the Standing of Chase[;]" (4)"[e]vidence of compliance with ARC [sic] Section 33-807.1;" (5)"[a]ny and all records filed with all governmental agencies including the [] Internal Revenue Service; and[] Securities and Exchange Commission;" (6)"[t]he Promissory Note, Allonges, Assignments: What the money you say I owe is for[;]" (7)"[e]xplain and show me how you calculated what you say I owe;" (8)"[p]rovide a verification or copy of any judgment[,] if applicable;" (9)"[i]dentify the original creditor;" (10)"[p]rove the Statute of Limitations has not expired on this account;" (11)"[s]how me that you are licensed to collect in my state [and p]rovide me with your license numbers and Registered Agent." (Doc. 45 at 33.)

[4] The letters are not identical, but much of the language does overlap, and the spirit and apparent purposes of the letters are the same.

about the owner or assignee of the loan[.]" 12 U.S.C. § 2605(k)(1)(D). "RESPA's provisions relating to loan servicing procedures should be construed liberally to serve the statute's remedial purpose." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665-66 (9th Cir. 2012).

### A. Qualified Written Request

A servicer's duty to respond under certain RESPA subsections is triggered when the servicer receives a "qualified written request" ("QWR"). 12 U.S.C. § 2605(e)(1)(A)-(B); *Medrano*, 704 F.3d at 666. The statute defines QWR, *see* 12 U.S.C. § 2605(e)(1)(B)[5], but there are no "magic words" required. *Medrano*, 704 F.3d at 666. Any written inquiry that "(1) reasonably identifies the borrower's name and account, (2) either states the borrower's reasons for the belief that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower, and (3) seeks information relating to the servicing of the loan" is considered a QWR. *Id.* (adopting and quoting the Seventh Circuit's reasoning in *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676, 685-87 (7th Cir. 2011)) (internal quotations omitted). However, the third requirement of the *Medrano* court's definition is inapplicable here. *See Medrano*, 704 F.3d at 666. The *Medrano* court made clear that the third part of its definition was actually regarding what would trigger a servicer's duty to acknowledge receipt of a QWR under section 2605(e)(1)(A), which requires that the request be a QWR *and* that the requested information in the QWR relate to the servicing of the loan. *Id.* at 666 n.4.[6] The *Medrano* court held that "letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under § 2605(e)." *Id*. at 667.

Whether section 2605(k)(1)(D) is triggered only by QWRs, or if any "request"

---

[5] "For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that[] (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

[6] Although Plaintiff brought claims under section (e)(1)(A), those claims were dismissed. (*See* Doc. 36.)

will suffice is not completely clear. The plain language of the subsection only prohibits servicers from failing to respond to a "request from a borrower . . . for information about the owner or assignee of the loan[.]" Of the five subsections in section 2605(k)(1), two refer generally to requests,[7] and one refers to QWRs.[8] Further, the QWR definition in section 2605(e)(1)(B) begins by limiting the definition's scope "[f]or purposes of this subsection[.]" However, other district courts have assumed that only QWRs will trigger obligations under 2605(k)(1)(D). *See e.g. Bever v. Cal-Western Reconveyance Corp.*, No. 1:11-CV-1548, 2013 WL 5492154, at *5-6 (E.D. Cal. Oct. 2, 2013)[9]; *Malifrando v. Real Time Resols., Inc.*, No. 2:16-CV-0223, 2016 WL 6955050, at *5 (E.D. Cal. June 30, 2016).

### B. Damages

A borrower who alleges a violation of RESPA section 2605 is entitled to "any actual damages to the borrower as a result of the failure" to comply with the statue. 12 U.S.C. § 2605(f)(1). "A number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp.2d 1089, 1097 (N.D. Cal. 2009). "Courts have interpreted this requirement to plead pecuniary loss liberally." *Id.* (quoting *Yulaeva v. Greenpoint Mortg. Funding Inc.*, No. S-09-1504, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009)). In *Watson v. Bank of America, N.A.*, the Southern District of California listed a number of damages claims that had been found to be actual damages for RESPA purposes: costs incurred by a debtor in mailing QWRs to a loan servicer, over calculation and overpayment of interest on a loan, the costs of repairing a borrower's credit, and the reduction or elimination of the borrower's credit limits. No. 16-CV-513, 2016 WL 3552061, at *12-13 (S.D. Cal. June 30, 2016). Even emotional distress and mental anguish *may* constitute actual damages

---

[7] Subsections (C) and (D), respectively.
[8] Subsection (B).
[9] It is worth noting that the court in *Bever* mistakenly applied the § 2605(e)(1)(A) QWR plus service related request definition that the *Medrano* court cautioned against. *Medrano*, 704 F.3d at 666 n.4 (explaining that other courts having addressed the QWR issue "conflated the statutory analysis by declaring that the letters were not qualified written requests because they did not request information relating to serving").

- 5 -

under RESPA. *Id.*

## IV. Summary Judgment Standard

Summary judgment should be granted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if the evidence would enable a reasonable trier of fact to resolve the dispute in favor of the nonmoving party. *See id.* At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In evaluating a motion for summary judgment, the Court must "draw all reasonable inferences from the evidence" in favor of the non-movant. *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002). If the "evidence yields conflicting inferences, summary judgment is improper, and the action must proceed to trial." *Id.*

"Where the parties file cross-motions for summary judgment, the court must consider each party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011). That is, the court may consider the plaintiff's evidence from its cross-summary judgment motion to determine defendant's summary judgment motion, and vice versa. *See Fair Housing Council v. Riverside Two,* 249 F.3d 1132, 1136-37 (9th Cir. 2001). In this instance, the district court "review[s] each motion . . . separately, giving the nonmoving party for each motion the benefit of all reasonable inferences." *Brunozzi v. Cable Comm., Inc.*, 851 F.3d 990, 995 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 167 (2017).

The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3). If, after considering the arguments and materials in the record, it appears that reasonable jurors could find that the defendant is liable, then the court should not grant summary judgment. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027-28 (9th Cir. 2006). If, however, jurors of reason

could not determine that plaintiff is entitled to a judgment in her favor, then summary judgment is appropriate. *Id.*

**V.  Discussion**

Each Motion for Summary Judgment ("MSJ") will be addressed in turn, making inferences in favor of the respective non-movant. Both parties' statements of facts (Docs. 45, 48), as well as other materials in the record, will be considered in resolving the motions. *Fair Housing Council*, 249 F.3d at 1136-37; Fed. R. Civ. P. 56(c)(3).

**A.  Plaintiff's Motion for Summary Judgment (Doc. 51)**

Plaintiff asserts that Defendants failed to comply with RESPA because they never provided Plaintiff with "the identity of the owner or assignee of the loan to Deutsche" in response to his "numerous" QWRs.[10] (Doc. 51 at 2.) In his MSJ, Plaintiff discusses his many requests for documents and information, to which he claims Defendants have not responded, and which were sent *after* the commencement of this lawsuit. (*Id.* at 2-3.) He also alleges that Defendants have violated Federal Rule of Civil Procedure 56 and the Rules of Evidence. (*Id.* at 3.) In support of his Motion, Plaintiff attaches email correspondence between himself and Defendants' attorneys. (Doc. 51 at 5-9.) He also filed a Statement of Facts, which presents only facts and exhibits from after the commencement of this lawsuit. (Doc. 48.)

Defendants responded to the Motion. (Doc. 53.) They begin by pointing out that Plaintiff's Motion was not filed alongside the statement of facts and thus does not comply with LRCiv 56.1(a). (*Id.* at 2 n.2, 3-4.) They also argue that the MSJ fails substantively because "Plaintiff failed to establish the damages element of his Claim, or present any evidence of a pattern or practice of noncompliance with the Federal Statute." (*Id.* at 2, 5-6.)

Plaintiff replied in support of his MSJ, and, in addition to repeating his previous arguments, he states that "the Defendants providing Deutsche's 'name' and 'address' is

---
[10] Plaintiff's phrasing suggests he misunderstands the meaning of assignee. An assignee is "a person *to whom* a right or property is transferred[.]" Miriam Webster's Dictionary of Law (2011) (emphasis added).

inadequate to establish, or, to prove Deutsche's claim to beneficial Interest, authority, right, or, standing to enforce a Note[.]" (Doc. 54 at 2.) In response to Defendants' procedural argument, Plaintiff points to a Statement of Facts[11] (Doc. 48), which was filed before his MSJ. (*Id.* at 3.) He continues to reference requests for information made after the commencement of this litigation "under MIDP, Duty to Disclose, Rule 26; and Rules of Evidence, Rule 56[.]" (*Id.* at 3.) Plaintiff also expresses his "bewilder[ment]" with the Court's November 21, 2017 Order (Doc. 36) granting in part Defendants' motion to dismiss.[12] (Doc. 54 at 3-4.)

The only claim still at issue alleges a violation of RESPA's prohibition against servicers failing to respond to requests to know the identity and contact information of the owner or assignee of a loan.[13] Plaintiff concedes that he was provided Deutsche's name and address. (Doc. 54 at 2.) Documentation on record could not support finding differently.[14] (*See* Doc. 45 at 30.) Thus, the Court does not need to decide whether Plaintiff's request was of the type to trigger a servicer's obligation under section 2605(k)(1)(D) because, in any event, Plaintiff was "provide[d] the identity, address, and other relevant contact information about the owner or assignee of the loan[.]" 12 U.S.C. § 2605(k)(1)(D). Plaintiff's Motion for Summary Judgment will be denied.

**B. Defendants' Motion for Summary Judgment (Doc. 44)**

Defendants present three bases for their entitlement to summary judgment: (1) Plaintiff has not alleged or presented evidence to support the damages element of his claim, (2) the letters at issue do not name Deutsche Bank, but rather are addressed to the original creditor, and (3) Plaintiff was already in possession of the information he sought

---

[11] As previously discussed, this "Statement of Facts" refers exclusively to communications taking place *after* the commencement of this lawsuit. (*See* Doc. 48.)
[12] To the extent Plaintiff is bringing a motion to reconsider that ruling, the motion is untimely, LRCiv 7.2(g), and is denied. Further, Plaintiff's window of opportunity to amend his complaint has long since expired. (*See* Doc. 32 at 2 (setting the deadline for amending pleadings as December 28, 2017)).
[13] All of Plaintiff's arguments regarding Deutsche's interest, right, or standing to enforce the Note are irrelevant.
[14] In the record are letters addressed to Plaintiff from Chase, a previous servicer of his loan, naming Deutsche as the owner of the loan (Doc. 45 at 35), as well as SLS's letter to Plaintiff specifically referencing Chase's letter and the information provided therein. (Doc. 8 at 11.)

through the letters and the law does not require acts of futility. (Doc. 44 at 2.) As part of their Motion, Defendants claim entitlement to attorneys' fees and costs based on the Loan Documents and A.R.S. § 12-341.01. (*Id.* at 9.) Plaintiff filed an "Objection" to the MSJ (Doc. 50) and Defendants replied in further support of the MSJ. (Doc. 52.)

Plaintiff's Objection to the MSJ is general, asserting that Defendants violated RESPA by failing to provide him the "Chain of Title[,]" documentation showing assignment of the loan to Deutsche, and failing to prove "Deutsche's authority, right, standing to enforce the Note. . . ." (Doc. 50 at 1-2.) Aside from this general response, and a general objection "to all Exhibits Defendants' entered in their Motion for Summary Judgment[,]" (Doc. 50 at 4) Plaintiff's filing is largely non-responsive to the MSJ filed by Defendants.[15] (*See* Doc. 50.) He concludes the filing by stating that Defendants' failure to provide him with the "Assignment of Deed of Trust" and "Pooling and Servicing Agreement" within "Dodd-Frank's timeframes show a violation of the Dodd-Frank legislation[.]" (*Id.* at 5.)

Defendants reply that Plaintiff's response is deficient because it "is not supported by either (i) a separate controverting statement of facts or (ii) citation to admissible evidence in the record that creates a genuine issue of material fact." (Doc. 52 at 2.) Defendants point out that pro se litigants are bound by the same rules as represented parties (Doc. 52 at 2 n.4.), so Plaintiff's failure to controvert Defendants' Statement of Facts is inexcusable and the Court can consider those facts as true (*id.* at 4). Alternatively, Defendants argue that the Court may grant their MSJ simply for Plaintiff's failure to comply with LRCiv 56.1(b) and the Court's March 14, 2018 Order (Doc. 46). (Doc. 52 at 4.)

### 1. Evidence of Damages

Defendants assert that Plaintiff has failed to present evidence of damages that were proximately caused by Defendants' alleged non-compliance with RESPA as required by

---

[15] Plaintiff discusses communications between himself and Defendants that occurred after the commencement of this litigation (*see* Doc. 50 at 2-4) and he addresses the statute of limitations on his claim (*id*. at 4).

12 U.S.C. § 2605(f)(1). (Doc. 44 at 6.) The SAC, according to Defendants, seeks only "sanctions," not damages. (*Id.* at 6-7.) Further, because Plaintiff was in possession of the information he sought in the letter, he would be unable to prove any damages from non-receipt of that information. (*Id.* at 7.)

Defendants are correct that the SAC requests only "sanctions" and not damages. (*See* Doc. 8 at 5.) In his Objection to Defendants' MSJ, Plaintiff states baldly that "Deutsche's and Defendants' damages are obvious: The Damage element is wrongful foreclosure on a property Deutsche, and, Defendants have shown no proof of Deutsche's right to enforce the Note on." (Doc. 50 at 4.) Plaintiff has made no factual allegations connecting a violation of section 2605(k)(1)(D)'s disclosure requirements to his allegedly wrongful foreclosure. The record shows that Plaintiff was, at some point, informed of the owner of his loan[16] (*see* Doc. 45 at 30), and that he was in contact with his loan servicer (*see id.* at 37-39). Even making all reasonable assumptions in Plaintiff's favor, the record cannot support a finding that Defendants' failure to satisfy the section's requirements could be a cause of a wrongful foreclosure. Indeed, Plaintiff's allegation that his home was wrongly foreclosed upon is itself conclusory and entirely unsupported by the record.

Plaintiff's statement that damages are obvious is indisputably inadequate to support the damages element of Plaintiff's claim. The Court will grant summary judgment in Defendants' favor.

### 2. Disclosure of the Original Creditor

In his letters, Plaintiff sought contact information of the "Original Creditor[,]" but RESPA only requires disclosure of the owner or assignee of the loan. (Doc. 44 at 7.) Based on this, Defendants argue that the language of Plaintiff's letter did not trigger RESPA's disclosure requirements. (*Id.*)

Defendants are correct that the plain language of section 2605(k)(1)(D) does not require a servicer to provide any information other than the "owner or assignee" –

---

[16] In so stating, the Court is not affirmatively deciding that Defendants complied with section 2605(k)(1)(D). Rather, the Court is pointing the uncontested fact that Plaintiff knew Deutsche owned his loan, at least for a period of time, and he was in possession of Deutsche's contact information.

information regarding the "original creditor" or the "chain of title" is not required. The Court does not need to decide whether the request for information about the original creditor triggered the obligation to respond because it has already found that reasonable jurors could not find Defendants liable based on an absence of damages allegations. *See* Sec. V.B.1, *supra*. The Court notes however, that section 2605's applicability only to "servicers" of loans would strongly suggest that such a request would not trigger its obligations. *Medrano*, 704 F.3d at 666-67 ("'Servicing' . . . does not include the transactions that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement. Such events precede the servicer's role in receiving the borrower's payments and making payments to the borrower's creditors."). As such, Defendants' argument regarding a request for information about the original creditor could independently support summary judgment.

### 3. Futility of Disclosure

For their final basis, Defendants make an argument based on the rules of statutory interpretation. (*See* Doc. 44 at 7-8.) Because Plaintiff was already in possession of Defendant Deutsche Bank's contact information, a fact about which there is no dispute, requiring SLS to respond with Deutsche's contact information would be "interpret[ing] the Federal Statute in a manner that requires a loan servicer to repeatedly and perpetually provide information that has already been provided[, which] yields an absurd result and does not further the purposes of RESPA." (*Id.* at 8.) Defendants conclude their Motion by pointing out that "Plaintiff's repeated requests for information already within his possession demonstrates that requiring SLS to provide the information would be a futile act." (*Id.*)

Because the Court has already found that Plaintiff's lack of damages allegations entitles Defendants to summary judgment, it declines to decide whether the statute requires servicers to make disclosures that would be "futile."

. . . .

. . . .

1 **VI. Defendants' Request for Attorneys' Fees**

Defendants have requested they be awarded attorneys' fees and costs under the Loan Documents and A.R.S. § 12-341.01. The request will be granted in part and denied in part.

The terms of the Deed of Trust provide that the "Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorney's fees and costs of title evidence." (Doc. 45 at 19.) Deutsche, the current lender (*see* Doc. 45 at 22), has not argued that defending in this action constituted "pursuing the remedies described" in the paragraph. As such, Defendants' request for costs and attorney fees under the terms of the loan will be denied without prejudice.

Section 12-341 requires a court to award costs to a successful party in a civil action. A.R.S. § 12-341. Section 12-341.01 permits a court to award attorneys' fees to a successful party in any contested action arising out of a contract. A.R.S. § 12-341.01(A). "Although the award of costs is mandatory, the trial court has discretion to determine which party was successful. Arizona courts apply the same principles to determine the successful party in both the attorney fees and costs contexts." *Tucson Est. Prop. Owners Ass'n, Inc. v. McGovern*, 366 P.3d 111, 116 (Ariz. Ct. App. 2016) (internal citation omitted). An action arises out of contract when "the duty breached is created by the contractual relationship, and would not exist but for the contract." *Assyia v. State Farm Mutual Auto. Ins. Co.*, 229 Ariz. 216, 221 (Ariz. Ct. App. 2012) (internal quotations omitted). Here, but for the Loan Documents, Defendants' duties under RESPA would not exist. Accordingly, Defendants are entitled to costs and attorneys' fees.

. . . .

. . . .

. . . .

. . . .

. . . .

**VII. Plaintiff's Motion Requesting a Decision (Doc. 55) & Defendants' Motion to Strike (Doc. 56)**

Plaintiff filed a Motion requesting that the Court rule on his MSJ. Parties are permitted by LRCiv 7.2(n) to inquire as to the status of any motion that has been taken under advisement for more than 180 days. At the time he filed the Motion on August 7, 2018, his MSJ, which became fully briefed on June 1, 2018, had been under consideration for less than 180 days. As such, the Motion was improper.

Defendants filed a Motion to Strike under LRCiv 7.2(m)(1). Because Plaintiff's Motion was improper, and in any event is now moot, the Court will grant Defendants' Motion and the Clerk of Court will be directed to strike Doc. 55.[17]

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 51) is **denied.**
2. Defendants' Motion for Summary Judgment (Doc. 44) is **granted**. The remaining counts are dismissed with prejudice. The Clerk of Court is directed to enter judgment in favor of Defendants and dismiss this action.
3. Defendants Deutsche Bank and SLS are entitled to an award of costs and reasonable attorney fees pursuant to A.R.S. § 13-341 and 13-341.01, upon submission of a proper application to the Court.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

---

[17] On August 16, 2018, Plaintiff filed an additional Request for Decision (Doc. 57). Because this Motion is redundant and improper, the Court will direct the Clerk of Court to also strike this request.

4. Defendants' Motion to Strike (Doc. 56) is **granted**. The Clerk of Court is directed to strike Plaintiff's Motion Requesting a Decision (Doc. 55) and Plaintiff's Request for Decision (Doc. 57).

Dated this 28th day of August, 2018.

_____
Honorable Rosemary Márquez
United States District Judge